UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LUMICO LIFE INSURANCE CO.,

                Plaintiff,

   v.

JOHN ADAMS,

                Defendant.

Case No. C20-5515-MLP

ORDER DENYING MOTION FOR SUBSTITUTE SERVICE

On September 11, 2020, Plaintiff filed a Motion for Substitute Service on Defendant John Adams pursuant to Federal Rule of Civil Procedure 4(e)(1) ("Plaintiff's Motion"). (Dkt. # 7.) Plaintiff's Motion represents that, despite investigative efforts and inquiry, Plaintiff has been unable to locate Defendant at his last-known address to effectuate personal service of the complaint in this matter. (*Id.* at 2-3.)

On June 1, 2020, Plaintiff filed this action seeking a declaration that two life insurance policies issued by Plaintiff are void due to a lack of insurable interest and/or material misrepresentations by Defendant in his applications. (Dkt. # 1 at 3-4.) Plaintiff's Motion specifies this action was initiated after determining Defendant's identifying information, including his contact information, was allegedly misrepresented by Defendant. (Dkt. # 7 at 1.)

ORDER DENYING MOTION FOR
SUBSTITUTE SERVICE - 1

On June 2, 2020 through June 5, 2020, Plaintiff used Castleberry Courier Service, Inc. ("Castleberry") to effectuate service of the summons and complaint on Defendant. (Dkt. # 9 at ¶ 3.) Castleberry attempted to serve Defendant at his last-known address, which was the address previously given to Plaintiff when issuing his policies, but Castleberry was unable locate Defendant at said address. (*Id.* at ¶ 4; dkt. # 8 at ¶¶ 3-7.) The current occupant of Plaintiff's last-known address was not familiar with Defendant and informed Castleberry that Defendant had not resided there for at least two years. (Dkt. # 8 at ¶ 7.) Castleberry indicates it then searched publicly available databases to locate and serve Defendant and was able to determine three possible alternate addresses. (*Id.* at ¶ 8.) Despite these efforts, Castleberry was unable to locate and serve Defendant at any of the alternate addresses because Defendant was either not an occupant of the alternate addresses or because the address was associated with a different "John Adams." (*Id.* at ¶¶ 9-14.)

Federal Rule of Procedure 4(e)(1) allows a plaintiff to effect service by "following state law for serving a summons in an action brought in the courts of general jurisdiction in the state where the district court is located or where service is made." Washington's service by publication statute, RCW 4.28.100, permits:

> When the defendant cannot be found within the state, and upon the filing of an affidavit of the plaintiff, his agent, or attorney, with the clerk of the court, stating that he believes that the defendant is not a resident of the state, or cannot be found therein, ***and that he or she has deposited a copy of the summons (substantially in the form prescribed in RCW 4.28.110) and complaint in the post office, directed to the defendant at his or her place of residence***, unless it is stated in the affidavit that such residence is not known to the affiant, and stating the existence of one of the cases hereinafter specified, the service may be made by publication of the summons, by the plaintiff or his or her attorney in any of the following cases:
>
> . . .
>
> (2). When the defendant, being a resident of this state, has departed therefrom with intent to defraud his creditors, or to avoid the service of a summons, or keeps himself concealed therein with like intent.

ORDER DENYING MOTION FOR
SUBSTITUTE SERVICE - 2

1  RCW 4.28.100 (emphasis added).

2  In this case, Plaintiff's Motion argues there is good cause for service by publication because Plaintiff has been unable to locate Defendant and Plaintiff appears to be concealing himself. (Dkt. # 7 at 3 (citing RCW 4.28.100(2)).) However, based on Plaintiff's Motion and the record before the Court, it is does not appear Plaintiff has mailed a copy of the summons and complaint in the manner identified in RCW 4.28.100, which is required to seek service by publication. *See* RCW 4.28.100, 4.28.110. Furthermore, Plaintiff has additionally failed to demonstrate Plaintiff has departed from Washington to avoid service of summons, or to keep himself concealed with like intent, to permit service by publication. *See Canal Ins. Co. v. Mengeste*, 2019 WL 2491951, at *2 (W.D. Wash. June 14, 2019) (finding conclusory allegations of the RCW 4.28.100 statutory factors are insufficient to grant service by publication) (citing *Bruff v. Main*, 943 P.2d 295, 297 (Wash. App. 1997) (denying service by publication where affidavits failed to include facts suggesting defendant's conduct was undertaken with intent required under RCW 4.28.100(2))).

Having considered Plaintiff's Motion, the supporting declarations, and the balance of the record, the Court hereby ORDERS that Plaintiff's Motion (dkt. # 7) is DENIED. Plaintiff is directed to file a renewed motion demonstrating the summons and complaint have been mailed, in the manner directed in RCW 4.28.100, and to provide additional facts demonstrating Defendant is purposefully avoiding service of summons.

Dated this 22nd day of September, 2020.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER DENYING MOTION FOR
SUBSTITUTE SERVICE - 3