UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LUMICO LIFE INSURANCE CO.,

                    Plaintiff,

          v.

JOHN ADAMS,

                    Defendant.

Case No. C20-5515-MLP

ORDER

## I.    INTRODUCTION

This matter is before the Court on Plaintiff Lumico Life Insurance Co.'s ("Plaintiff") second "Motion for Substitute Service on Defendant John Adams" pursuant to Federal Rule of Civil Procedure 4(e)(1) ("Plaintiff's Motion"). (Pl.'s 2nd Mot. (Dkt. # 12).) Having considered Plaintiff's Motion, the supporting declarations, and the balance of the record, the Court recommends Plaintiff's Motion be DENIED (dkt. # 12), as explained further below.

## II.    BACKGROUND

On June 1, 2020, Plaintiff filed this action seeking a declaration that two life insurance policies issued by Plaintiff are void due to a lack of insurable interest and/or material misrepresentations by Defendant John Adams ("Defendant") in his applications. (Compl. (Dkt.

# 1) at 3-4.) Plaintiff's Motion specifies this action was initiated after determining Defendant's identifying information, including his supplied contact information, was allegedly misrepresented in his applications. (Pl.'s 2nd Mot. at 2.)

On June 2, 2020 through June 5, 2020, Plaintiff used Castleberry Courier Service, Inc. ("Castleberry") to effectuate service on Defendant. (Castleberry Decl. (Dkt. # 13) at ¶¶ 3, 5-12.) Castleberry attempted to serve Defendant at the address given by Defendant when issuing his policies but was unable locate Defendant at said address. (*Id.* at ¶¶ 5-7.) The occupant of Plaintiff's last-known address informed Castleberry that Defendant had not resided there for at least two years. (*Id.* at ¶ 7.) Castleberry then searched publicly available databases to locate Defendant and was able to determine three possible addresses. (*Id.* at ¶ 8.) Despite efforts to reach Defendant at the alternate addresses, Castleberry was unable to locate him because he was either not an occupant of the alternate addresses or because the address was associated with a different "John Adams." (*Id.* at ¶¶ 9-13; Treadway Decl. (Dkt. # 15) at ¶ 4.)

On September 11, 2020, Plaintiff filed its first "Motion for Substitute Service on Defendant John Adams" ("Plaintiff's First Service Motion") based on Castleberry's efforts to locate Defendant. (Pl.'s 1st Mot. (Dkt. # 7).) On September 22, 2020, this Court denied Plaintiff's First Service Motion because Plaintiff failed to demonstrate it had mailed a copy of the summons and complaint in the manner identified in RCW 4.28.100, or show that Defendant had departed from Washington to avoid service of summons, to permit service by publication. (Order (Dkt. # 10) at 3.) The Court directed Plaintiff to file a renewed service motion showing the summons and complaint had been mailed in the manner directed in RCW 4.28.100 and to provide additional facts demonstrating Defendant was purposefully avoiding service of summons if not successful. (*Id.*)

1    On December 15, 2020, this Court issued an Order to Show Cause due to Plaintiff's lack

2    of activity in this case and continued failure to serve within 90 days pursuant to Federal Rule of

3    Civil Procedure 4(m). (Order (Dkt. # 11) at 2-3.) On December 29, 2020, Plaintiff filed its

4    Motion. (Pl.'s 2nd Mot.) Plaintiff's Motion indicates that after the Court's Order denying

5    Plaintiff's First Service Motion, Plaintiff attempted to serve the summons and complaint via

6    certified mail to Plaintiff's last-known address and the three alternate addresses identified by

7    Castleberry (*Id.* at 3; Treadway Decl. at ¶ 5.) Plaintiff received returned copies of the summons

8    and complaint as "undelivered" for three of the addresses. (*Id.*) On October 5, 2020, the

9    summons and complaint were served on a "John Adams" at 5809 Shady Lane in Lacey,

10   Washington. (Pl.'s 2nd Mot. at 3; Treadway Decl. at ¶ 6, Ex. 1.) However, the "John Adams"

11   who was served at 5809 Shady Lane in Lacey, Washington was not believed to be the correct

12   Defendant in this action. (Castleberry Decl. at ¶¶ 12-14.)

13   Plaintiff engaged private investigator Randy Bennett to locate Defendant on December

14   24, 2020, based on the information Plaintiff had available. (Pl.'s 2nd Mot. at 3-4; Bennett Decl.

15   (Dkt. # 14) at ¶ 3.) Mr. Bennett confirmed the "John Adams" at 5809 Shady Lane in Lacey,

16   Washington was not the correct Defendant but was unable to determine a location for Defendant

17   during his investigation. (*Id.* at ¶¶ 5-6.)

18   Finally, Plaintiff's Motion notes it has attempted to contact Defendant using the

19   telephone number listed and the e-mail address listed on his life insurance applications but

20   received no response from either attempt. (Pl.'s 2nd Mot. at 4.; Treadway Decl. at ¶ 8.) Plaintiff

21   also represents it has searched motor vehicle registration records, property records, court records,

22   and social media to locate the Defendant but has been unable to. (Treadway Decl. at ¶ 10.) Based

23   on the above-referenced efforts, Plaintiff represents it has exhausted its ability to locate

1  Defendant because it does not have access to any other additional identifying and/or contact

2  information to conduct further search. (*Id.* at ¶¶ 9-11.)

3                                    **III.   DISCUSSION**

4         Federal Rule of Procedure 4(e)(1) allows a plaintiff to effect service by "following

5  state law for serving a summons in an action brought in the courts of general jurisdiction in the

6  state where the district court is located or where service is made." Washington's service by

7  publication statute, RCW 4.28.100, provides in relevant part:

8         When the defendant cannot be found within the state, and upon the filing of an
          affidavit of the plaintiff, his agent, or attorney, with the clerk of the court, stating
9         that he believes that the defendant is not a resident of the state, or cannot be found
          therein, and that he or she has deposited a copy of the summons (substantially in
10        the form prescribed in RCW 4.28.110) and complaint in the post office, directed to
          the defendant at his or her place of residence, unless it is stated in the affidavit that
11        such residence is not known to the affiant, and stating the existence of one of the
          cases hereinafter specified, the service may be made by publication of the
12        summons, by the plaintiff or his or her attorney in any of the following cases:
                                                . . .
13        (2). When the defendant, being a resident of this state, has departed therefrom
          with intent to defraud his creditors, or to avoid the service of a summons, or keeps
14        himself concealed therein with like intent.

15  RCW 4.28.100. Service by publication is "in derogation of the common law," and therefore a

16  party must strictly comply with the statute. *Rodriguez v. James-Jackson*, 111 P.3d 271, 274

17  (Wash. App. Div. 1 2005); *see also Canal Ins. Co. v. Mengeste*, 2019 WL 2491951, at *2 (W.D.

18  Wash. June 14, 2019) (finding conclusory allegations of RCW 4.28.100(2) statutory factors

19  insufficient to grant service by publication) (citing *Bruff v. Main*, 943 P.2d 295, 297 (Wash. App.

20  Div. 1 1997) (denying service by publication where affidavits failed to include facts suggesting

21  defendant's conduct was undertaken with intent required under RCW 4.28.100(2))).

22        In addition, to fully comply with RCW 4.28.100, Washington courts have articulated the

23  plaintiff must make an "honest and reasonable effort" to find the defendant. *See Boes v. Bisiar*,

1    94 P.3d 975, 979 (Wash. App. Div. 3 2004) (quoting *Brenner v. Port of Bellingham,* 765 P.2d

2    1333, 1336 (1989)); *Carson v. Northstar Development Co.,* 814 P.2d 217, 221 (Wash. App. Div.

3    1 1991). Consequently, an affidavit supporting service by publication should identify all steps

4    taken to personally serve the defendant and demonstrate that all efforts to personally serve the

5    defendant were reasonably diligent. *Charboneau Excavating, Inc. v. Turnipseed,* 75 P.3d 1011,

6    1014 (Wash. App. Div. 2 2003); *Bruff,* 943 P.2d at 297. A plaintiff need not employ all

7    conceivable means of personal service before seeking service by publication. *Carson,* 814 P.2d

8    at 221. However, the plaintiff is required to follow up on any information possessed that might

9    reasonably assist in determining the defendant's location. *Id.*; *Charboneau,* 75 P.3d at 1014.

10          Plaintiff's Second Motion contends there is now good cause for service by publication

11    because Plaintiff remains unable to locate Defendant despite making reasonable efforts to do so

12    through available means. (Pl.'s 2nd Mot. at 5.) As such, Plaintiff argues that the only practicable

13    means of serving Defendant is through publication. (*Id.*) In support of this contention, Plaintiff

14    proffers that *Boes* and *Pascua v. Heil,* 108 P.3d 1253 (Wash. App. Div. 2 2005) both upheld

15    alternative service of process where the Plaintiff was unable to serve the Defendant after making

16    reasonable efforts to do so at all known addresses. (*Id.*)

17          Based on Plaintiff's Motion, and the record before the Court, it appears Plaintiff has

18    engaged in a reasonably diligent effort to serve Defendant by attempting to personally serve him

19    at his last-known address, three other possible addresses, and by mailing a copy of the summons

20    and complaint by certified mail to those addresses. *See* Castleberry Decl. at ¶¶ 3, 5-14; Treadway

21    Decl. at ¶¶ 5-6. Plaintiff also engaged in a diligent search for Defendant by employing a private

22    investigator, utilizing publicly available databases, and by attempting to contact him via phone

23    and e-mail. *See* Treadway Decl. at ¶¶ 8-11; Bennett Decl. at ¶¶ 3, 5.

1    Nevertheless, Plaintiff still has yet to fulfill the statutory requirements of RCW

2  4.28.100(2). Plaintiff has failed to provide facts clearly demonstrating Defendant: (1) is in fact a

3  resident of Washington; (2) has specifically departed from Washington with intent to defraud his

4  creditors or to avoid service of a summons; or (3) is keeping himself concealed with like intent.

5  *See* RCW 4.28.100(2). Instead, Plaintiff has merely demonstrated it cannot locate Defendant

6  based on the information available to it from his life insurance applications. Although the Court

7  recognizes Plaintiff has put forth significant effort to search and serve Defendant, Plaintiff fails

8  to meet the requirements to authorize service by publication in this case. *See Pascua v. Heil*, 108

9  P.3d 1253, 1257 (Wash. App. Div. 2 2005) ("A bare recitation of the statutory factors required to

10 obtain jurisdiction is insufficient; the plaintiff must produce the specific facts which support the

11 conclusions required by [RCW 4.28.100(2)]."); *Charboneau*, 75 P.3d at 1014-15 (finding service

12 by publication was not warranted in absence of any evidence defendant was trying to conceal

13 himself to avoid service of process); *Bruff*, 943 P.2d at 297 (same); *Kent v. Lee*, 762 P.2d 24, 26

14 (Wash. App. Div. 2 1988) (finding RCW 4.28.100(2) does not authorize service by publication

15 "simply because a defendant cannot be found, but only if, in addition, one of the specific factual

16 requirements of [RCW 4.28.100(2)] can be shown.").

17    Furthermore, despite Plaintiff's contention to the contrary, both *Pascua* and *Boes* fail to

18 support Plaintiff's suggestion that service by publication is warranted based on reasonable efforts

19 to locate alone. In fact, *Pascua* found an attempt to serve by publication was improperly

20 authorized by the trial court because the plaintiff failed to engage in reasonable efforts to locate

21 the defendant and also failed to establish the defendant had concealed herself, or departed the

22 state with the intent to avoid service of process, to satisfy the requirements of RCW 4.28.100(2).

23 *See Pascua*, 108 P.3d at 1259-61. Moreover, *Boes* is readily distinguishable from this matter.

Service by publication was authorized in *Boes* because the affidavits filed demonstrated diligence in attempting to serve the defendant while also supporting an inference the defendant in that case intended to evade service of process under RCW 4.28.100(2) because he had left the state during the final 10 days remaining under the applicable statute of limitations for the cause of action asserted. *See Boes*, 94 P.3d at 980.

The deadline to serve Defendant has previously elapsed. However, the Court finds Plaintiff's diligent efforts to serve Defendant meet the good cause standard under Fed. R. Civ. P. 4(m), and therefore, grants Plaintiff an additional extension of time until **February 1, 2021**, to attempt to locate and serve Defendant. Should Plaintiff remain unsuccessful in its attempt to serve Defendant, it may submit another motion with the Court for relief.

## IV.    CONCLUSION

Having considered Plaintiff's Motion, the supporting declarations, and the balance of the record, the Court hereby ORDERS that Plaintiff's Motion (dkt. # 12) is DENIED.

Dated this 4th day of January, 2021.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER - 7